UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PAULA PAYNE

VERSUS

WEST FELICIANA PARISH
SCHOOL BOARD, PRINCIPAL
MICHAEL THORNHILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND
SUPERINTENDENT LLOYD LINDSEY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY

CIVIL ACTION NO. _____

JUDGE: _____

MAGISTRATE-JUDGE: _____

CV 05-820-D-M2

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2005 MAY 31  P 1:54

BY DEPUTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The Complaint of Paula Payne, a resident of the full age of majority of East Feliciana Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 affording supplemental jurisdiction over Petitioner's claims arising under state law. Venue is proper in this judicial district as the acts and transactions complained of herein occurred within this judicial district.

2.

The defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity, including injunctive relief:

1. West Feliciana Parish School Board (hereinafter School Board), domiciled in West

Feliciana Parish, Louisiana;

2. Michael Thornhill (hereinafter "Thornhill"), individually and in his official capacity as Principal of West Feliciana Parish High School, a resident of the full age of majority of West Feliciana Parish, Louisiana;

3. Lloyd Lindsey (hereinafter "Lindsey"), individually and in his official capacity as Superintendent of the West Feliciana Parish School System, a resident of the full age of majority of West Feliciana Parish, Louisiana.

2.

In 1994, Petitioner was hired by defendant School Board as an English teacher at West Feliciana Parish High School (hereinafter "WFHS"). At all times pertinent hereto, defendant Thornhill was the Principal of WFHS and Petitioner's supervisor. At all times pertinent hereto, defendant Lindsey was the Superintendent of the West Feliciana Parish School System and also Petitioner's supervisor. At all times pertinent hereto, Petitioner was a tenured employee with the School System.

3.

On October 11, 2004, defendant Thornhill ordered Petitioner to a meeting in his office. Defendant Thornhill proceeded to order Petitioner to change the grades she had assigned to her students during that semester. Petitioner refused.

4.

Pursuant to La. R.S. 17:404.2 no principal, school board member, or superintendent may attempt, directly or indirectly, to influence, alter, or otherwise affect the grade received by a student from his teacher, in this case, Petitioner. Petitioner protested defendant Thornhill's orders to her to change grades.

5.

Defendant Thornhill became irate with Petitioner and threatened Petitioner.

6.

On October 29, 2004, defendant Thornhill again approached Petitioner through another teacher and asked her if she had done was she was supposed to do, i.e., change the grades she had assigned to the students in her class. Petitioner had not changed the grades as defendant Thornhill had ordered and defendant Thornhill threatened Petition if she continued to refuse to change grades, she would be demoted next year. Defendant Thornhill ordered her to a meeting on November 5, 2004.

7.

On November 5, 2004, and prior to the scheduled meeting time, Petitioner, presented defendant Thornhill with a letter advising that her LAE representative would also be present, along with Petitioner's complaint letter.

8.

Defendant Thornhill received the letter on November 5, 2004, and then advised Petitioner that she was "going to be sorry for this", was she "sure you want to do this", and that this really "burns him." Petitioner advised defendant Thornhill that she would meet with him as long as her representative was also present. Defendant Thornhill refused and thereafter advised Petitioner, in a threatening manner, that he hoped she would change her mind about having representation, and presented Petitioner with a letter setting another meeting at 2:00 p.m. that day. That letter prepared by defendant Thornhill has apparently disappeared and Petitioner was never provided a copy of same.

9.

Immediately following, Petitioner was advised by Nancy Dreier advised Petitioner, around

12:00 p.m., that she was suspended immediately for five (5) days with pay.

10.

When Petitioner arrived for the 2:00 p.m. meeting, she tape recorded it. During the meeting, defendant Thornhill asked Petitioner: "have the grades changed since the first six weeks?" Defendant Thornhill additionally advised that "if I tell you to dig ditches, you need to ask how deep."

11.

Thereafter, Petitioner's original five (5) day suspension without pay was changed to a five (5) day suspension with pay, although Petitioner received no notice of the change. On November 8, 2004, Petitioner received a telephone call from defendant Board telling her she needed to report to the School Board office and sign "something." Petitioner advised defendant Board to fax it to her attorney. The "something" was faxed to Petitioner's attorney was a "waiver of rights form" which Petitioner, on advice of her attorney, did not sign.

12.

On November 9, 2004, defendant Lindsey submitted a request to defendant Board to terminate Petitioner's tenured employment.

13.

Thereafter, defendant Thornhill held another ex parte meeting with Petitioner. When Petitioner advised defendant Thornhill she wanted to tape record the meeting, defendant Thornhill advised Petitioner he would have to ask defendant Lindsey first. Defendant Thornhill then advised Petitioner that defendant Lindsey said "it would not be good".

14.

On that date, Petitioner met with defendant and Thornhill during said meeting, the defendant advised Petitioner her class grades were still low and that she needed to make her grades "look

better." Petitioner again reported the on-going situation to defendant Board, to no avail.

15.

In January, 2005, Petitioner was again ordered to a meeting with defendant Thornhill during which defendant Thornhill again ordered Petitioner to change her student grades and, further, that she just needed to "lose her morals" in order to keep her job.

16.

A tenure revocation and termination hearing was set for Petitioner for January 25, 2005. Petitioner did not receive adequate or sufficient notice of the charges against her.

17.

In the interim, defendant Thornhill held another meeting with Petitioner during which defendant Thornhill requested to see Petitioner's grade distribution, ordered her to bring her mid-term examinations, (which had already been graded and grades recorded) and ordered her to change her assigned grades. Petitioner, again, refused.

18.

On January 25, 2005, a tenure/termination hearing was held during which defendants Thornhill and Lindsey admitted they had repeatedly requested Petitioner change her grades and that Petitioner was being disciplined as a result of her refusal to change her students' grades.

19.

On January 27, 2005, Petitioner was suspended for thirty-one (31) days (in addition to the previous five day suspension imposed without any due process) without pay. Defendants' stated reason was "willful neglect of duty" because Petitioner did not attend the November 5, 2004, meeting without representation.

20.

However, Petitioner was suspended (on two (2) occasions) in retaliation for her refusal to change grades in violation of Louisiana law.

21.

On March 14, 2005, Petitioner was ordered to report to defendant Lindsey. Defendant Lindsey proceeded to advised Petitioner that he "did not appreciate the media", that as a result, she was being essentially demoted and she would have essentially no teaching duties, and that if Petitioner complains again "be assured that he would remember." In addition, defendant Lindsey advised Petitioner she was now on probation until the end of the school year, 2005, and that he was personally authorized to "reassess" her position at that time. Petitioner believes that these additional acts were also imposed in retaliation for Petitioner's protest of the illegal requests to change grades and, additionally, because Petitioner had contact with the media.

22.

Since March 14, 2005, Petitioner has been continually subjected to threats to her future employment by the defendants in retaliation for her protected activities and refusal to violate the law.

23.

At all times pertinent hereto, defendants were "persons" acting under color of authority within the meaning and intent of 42 U.S.C. §1983.

24.

At all times pertinent hereto, Petitioner enjoyed clearly established rights to report official misconduct and refuse to engage in misconduct, specifically, the orders to change her grades and her refusal to change her grades, all as guaranteed pursuant to the 1st Amendment to the United States Constitution. Petitioner additionally enjoyed clearly established rights to communicate with the media

and publicly protest the defendants' repeated orders that she change grades in violation of Louisiana law, all as guaranteed pursuant to the 1st Amendment to the United States Constitution. Defendants' retaliation against Petitioner, specifically, her proposed termination, her two (2) suspensions, repeated threats to her future employment, and her transfer to an undesirable position and effective demotion, abridged, impaired, and interfered with Petitioner's clearly established rights under the 1st Amendment of speech and association and, further served to chill Petitioner's speech regarding official misconduct.

25.

At all times pertinent hereto, Petitioner enjoyed clearly established rights to procedural and substantive due process under the 14th Amendment to the United States Constitution, including the right to adequate and sufficient notice and meaningful opportunity to be heard prior to imposition of disciplinary action, her right to her good name and reputation, her right to her public, tenured employment. The defendants abridged, impaired, and interfered with Petitioner's clearly established rights as set forth herein.

26.

The defendants are liable unto Petitioner pursuant to 42 U.S.C. §1983.

27.

Defendants Lindsey and Thornhill acted with reckless and/or deliberate indifference to Petitioner's clearly established rights. Defendants Lindsey and Thornhill are liable unto Petitioner for punitive damages pursuant to 42 U.S.C. §1983.

28.

Petitioner contends that defendant Board engaged in reprisal against her on account of her protests, reports, and testimony regarding a workplace act and practice, specifically, grade changing,

that was in violation of the law. Defendant Board is thus liable unto Petitioner pursuant to La. R.S. 23:967.

29.

Petitioner is entitled to and desires an award of attorney's fees against defendants, Thornhill, Lindsey, and Board pursuant to 42 U.S.C. §1988. Petitioner is additionally entitled to and desires an award of attorney's fees against defendant Board pursuant to La. R.S. 23:967.

30.

As a result of the incidents sued upon herein, Petitioner sustained damages which include, but are not limited to, lost wages and benefits, loss of earning capacity, loss of reputation and standing in the community, severe and extreme emotional distress and anguish, humiliation and embarrassment, and such other damages as will be more fully shown at trial of this matter and all for which Petitioner specifically sues for herein.

31.

Petitioner is entitled to and desires an award of all such relief to which she is entitled at law or in equity, including injunctive relief.

32.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Paula Payne, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendants, West Feliciana Parish School Board, Lloyd Lindsey, individually and in his official capacity as Superintendent, and Michael Thornhill, individually and in his official capacity as Principal, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at

law or in equity, including injunctive relief.

Respectfully submitted,

By: _____
Jill L. Craft, T.A., #20922
Attorney at Law, LLC
8702 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 928-5353

MICHAEL THORNHILL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND SUPERINTENDENT LLOYD LINDSEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

*******************************************************

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, Notary Public, personally came and appeared:

Paula Payne

a resident of the full age of majority of East Feliciana Parish, Louisiana, who upon being duly sworn did depose and state that she is the Petitioner in the above and foregoing Complaint, that she has read same and all facts and allegations contained therein are true and correct.

*Paula Payne*

SWORN TO AND SUBSCRIBED before me, Notary Public, this 24th day of May, 2005.

*Kristi M. Bigner #06424*

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paula Payne

## DEFENDANTS
West Feliciana Parsih School Board, Principal Michael Thornhill, Individually and in his official capacity, and Superintendent Lloyd Lindsey, Individually and in his official capacity

**(b)** County of Residence of First Listed Plaintiff   West Feliciana Parish
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   West Feliciana Parish
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ms. Jill L. Craft
Attorney at Law, LLC
8702 Jefferson Hwy., Suite B
Baton Rouge, LA 70809
225-928-5353

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | X 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1331 and 28 U.S.C. §1367
42 USC §1983 Civ Rts - 1st Am + 14th Am.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  5/31/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 8674   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 3:05-cv-00820-JJB-CN   Document 1   05/31/05   Page 11 of 11